HON. CHARLES W. WHIPPLE, C. J.
HON. WARNER WING,
HON. GEORGE MILES,
HON. SANFORD M. GREEN, } JUSTICES.
HON. EDWARD MUNDY,*

————00000————

## HINEY *v.* CADE.

A writ of error does not lie from this court to a county court in civil cases.

ERROR to St. Joseph County Court.

*Hammond,* for plaintiff in error.

*Pease,* for defendant in error.

*By the court,* WHIPPLE, C. J.    This cause originated before a justice of the peace, and after judgment was appealed to the county court of the county of St. Joseph.    Judgment having been rendered in the county court against the plaintiff in error, he sued out a writ of error, to remove the record and proceedings from the county court, to this court for review.

The errors assigned upon the record are of such a character as to warrant the reversal of the judgment below if we have jurisdiction of the cause.

---

* By an act of the Legislature of 3d April, 1848, the Supreme Court was made to consist of five judges, and the Hon. EDWARD MUNDY on the same day was appointed Associate Justice of the court.

The preliminary question will be first examined.   The general juris-diction and powers of this court are defined by the second and third sections of chapter 88 of the revision of 1846.   The second section provides, that the supreme court shall have original and appellate juris-diction of all such matters and suits at law and in equity, as may be lawfully brought before it; and shall also have jurisdiction of suits, actions and matters brought before it by writ of certiorari or writ of error, when the same shall be allowed by law, to any inferior court, to magistrates or other officers, as well in cases of prosecution for any offence, misdemeanor or penalty, in the name of the people of this state, as in other cases; and shall have authority to issue writs of error, pro-hibition, certiorari, mandamus, quo warranto, habeas corpus, proceden-do, supersedeas, and all other process that may be necessary for the due execution of the law, and the administration of justice, and the full and perfect exercise of its jurisdiction, and to hear and determine them, ac-cording to the principles and usages of law and equity.   The third section provides, that " The supreme court shall have the general supervision of all courts of law of inferior jurisdiction, to prevent and correct errors and abuses therein when no other remedy is expressly provided by law." These sections confer upon the supreme court the most ample powers to issue the great remedial writs therein specified, and to review the pro-ceedings in, and control the actions of all inferior jurisdictions.   They will justify the issuing of the writ of error in this case, unless subsequent legislation has provided another tribunal, where judgments in the county courts are to be reviewed before they can properly come under the cog-nizance of this court.

The forty-fifth section of chapter 92 of the new revision, provides as follows: " No appeal shall be made or allowed of any case tried or de-termined by a county court; but in all cases of judgments rendered in such courts, either party thinking himself aggrieved or injured by such judgment, may remove the same by certiorari into the circuit court for the same county in which such judgment was rendered."

This section, it is true, does not in terms conflict with the provisions authorizing this court to issue writs of error to review the judgment of inferior courts; but still it makes a specific provision as to how judgments in the county courts are to be reviewed.   It makes the circuit court the tribunal by which errors in the county courts are to be corrected.

From a judgment of the *circuit court* the appellate jurisdiction of this court may be successfully invoked. The apparent conflict in the provisions of our statute establishing our courts and defining their jurisdiction and powers, has resulted from the circumstance that a part of these provisions was the work of the revisor, and the remaining portion that of the legislature; the consequence has been that our whole judicial system has become so complex, and the laws establishing the system are so inartificially drawn, as to produce almost inextricable confusion. One leading idea, however, pervaded the minds of those who erected the system; that idea was, that, as far as practicable, tribunals of original and appellate jurisdiction in matters of law, and of original jurisdiction in equity, should be established in each county. Keeping this in mind, and surveying our whole judicial establishment, as it lies scattered through the revision, and the legislation of the last two winters, and I think it manifest that all judgments rendered in the county courts in civil causes must first pass the ordeal of the circuit, before they can be reviewed by this court.

The writ of error having issued improvidently, we have no jurisdiction of the case, and cannot, therefore, apply a corrective to the errors which pervade the record below.

